UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>WAYNE CARTER,<br><br>    Defendant. | Case No: CR 10-0363 SBA<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Docket 13 |

    On July 5, 2001, the Defendant Wayne Carter ("Defendant") pled guilty to attempting to possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2, and to carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 942(c)(1).  Dkt. 2.  The Defendant was sentenced to 130 months imprisonment and a 5-year term of supervised release by District Judge Aleta A. Trauger of the United States District Court for the Middle District of Tennessee.  Id.  On October 10, 2009, the Defendant began serving his term of supervised release.  Id.  On May 20, 2010, responsibility for Defendant's supervision was transferred from the Middle District of Tennessee to the Northern District of California.  Id.  The Defendant is currently scheduled to be released from supervision on October 9, 2014.  Id.

    The parties are presently before the Court on Defendant's motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  Dkt. 13.  The United States ("government") opposes the motion.  Dkt. 16.  The Probation Office has submitted a report stating that it does not support early termination of supervised release.  Having read and considered the papers filed in connection with this matter and being fully informed, the

Court hereby DENIES Defendant's motion for early termination of supervised release, for the reasons stated below.

## I. DISCUSSION

18 U.S.C. § 3583(e) provides:

> **(e) Modification of conditions or revocation.**--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

18 U.S.C. § 3583(e)(1).[1]  "[T]he plain language of the statute indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." United States v. Miller, 205 F.3d 1098, 1100 (9th Cir. 2000); see also United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).

"Occasionally, changed circumstances - for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release - will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); see Gross, 307 F.3d at 1044 (the modification or termination mechanism provided by § 3583(e)(1) allows the court "to respond to changes in the defendant's circumstances that may render a

---

[1] The relevant statutory factors to be considered are: the "nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the sentence imposed "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; "any pertinent policy statement"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)"). The Defendant has the burden to demonstrate that early termination of supervised release is justified. United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

In the instant motion, the Defendant argues that early termination of supervised release is warranted because of his "exemplary performance" on supervised release, and because "[t]he travel restrictions associated with supervised release, as well as the negative stigma of being on supervised release in the eyes of potential employers, have limited [his] employment opportunities and ability to meet all of his family obligations." See Def.'s Mtn. at 3-5. The Court disagrees.

Having considered the relevant statutory factors, the Court finds that the Defendant has failed to carry his burden to demonstrate that early termination of supervised release is warranted. While it is undisputed that the Defendant has complied with the terms and conditions of his supervised release, this alone is insufficient to justify early termination. Compliance is what is expected of a Defendant on supervised release; it does not in and of itself constitute an adequate basis to terminate supervised release early. See United States v. Bauer, 2012 WL 1259251, at *2 (N.D. Cal. 2012) (citing cases); see also United States v. Grossi, 2011 WL 704364, at *2 (N.D. Cal. 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

Nor has Defendant identified a changed circumstance demonstrating that a condition of his supervised release is unduly burdensome such that supervised release should be terminated early. The Defendant has not demonstrated that the travel restriction imposed as part of his supervised release justifies early termination. There has been no showing that the restriction is either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a). Further, the Defendant has not shown that early termination of supervised release is appropriate because the "stigma" of supervised release has limited his efforts to pursue a career in trucking.

In sum, the Court concludes that the Defendant has failed to demonstrate that early termination of supervised release is warranted. The Defendant has not shown exceptionally good behavior or identified any unusual or extraordinary circumstances rendering continued supervision no longer appropriate. Moreover, the Court finds that the seriousness of the underlying offenses and the Defendant's criminal history militate against early termination. Accordingly, the Defendant's motion for early termination of supervised release is DENIED.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDRED THAT:

1. Defendant's motion for early termination of supervised release is DENIED.
2. This Order terminates Docket 13.

IT IS SO ORDERED.

Dated: 5/22/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge